```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
_____
                                    :
JOSEPH A. MILES, JR.,               :
                                    :      Civil Action No.
            Plaintiff,              :      10-cv-6179 (NLH)(KMW)
                                    :
      v.                            :      OPINION
                                    :
SAFEER ANSARI, MD (Lourdes          :
Medical Center), JOHN and           :
JACK DOE, MEDFORD TOWNSHIP          :
POLICE DEPARTMENT, ROBERT DOE,:
(SCIP Drenk Foundation,             :
Willingboro, NJ), MARK DOE          :
(Lourdes Medical Center,            :
Willingboro, NJ),                   :
                                    :
            Defendants.             :
                                    :
_____:
```

**APPEARANCES:**

Joseph A. Miles, Jr.
24 Georgia Trail
Medford, N.J. 08055
*Pro se*

Thomas J. Decker, Esquire
Decker & Magaw, Esqs.
507 Westfield Avenue
Westfield, N.J. 07090
*Attorney for Defendant Safeer Ansari, M.D.*

John Charles Gillespie, Esquire
Parker McCay, P.A.
Three Greentree Center
7001 Lincoln Drive West
P.O. Box 974
Marlton, N.J. 08053
*Attorney for Defendants John and Jack Doe and the Medford Police Department*

**HILLMAN, District Judge**

Plaintiff, Joseph A. Miles, Jr., alleges that as a result of the actions of Defendants, Dr. Safeer Ansari, the Medford Township Police Department, John and Jack Doe, unnamed officers of the Police Department, Robert Doe of the Screening and Crisis Intervention Program ("SCIP") at the Drenk Behavioral Health Center,[1] and Mark Doe, an unknown agent of Lourdes Medical Center, he suffered constitutional violations pursuant to 42 U.S.C. § 1983.  Specifically, Plaintiff submits that he was involuntarily incarcerated on October 29, 2010, for thirteen days, without due process.

In response to Plaintiff's complaint, Dr. Safeer Ansari, the Medford Township Police Department, and John and Jack Doe of the Police Department have moved for a dismissal for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons expressed below, Defendants' motions shall be granted.  Plaintiff, however, will be given leave to amend his complaint.

**I.  JURISDICTION**

Plaintiff, appearing *pro se*, has brought his claims pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over Plaintiff's

---

[1] In his one-page complaint, Plaintiff identifies the defendant from SCIP as "Robert Doe."  However, Plaintiff has since identified that defendant as Seth Toub.  However, it does not appear that Toub has been served in this case or that the complaint has been amended to reflect this change.

federal claims under 28 U.S.C. § 1331.

## II. BACKGROUND

For its factual recitation, Plaintiff's complaint reads in full:

> Deprivation of Plaintiff, Constitutional rights, involuntary incarceration, Defendants acted to cause Plaintiff's incarceration, took custody of Plaintiff without due process of law and with threat to cause bodily harm. John and Jack Doe, of the Medford Police Department, were armed and a threat to Plaintiff. Incarceration was from October 29, 2010 to November 12, 2010; a period of 13 days.[2]

On November 22, 2010, Plaintiff filed this suit. About a month later, the Medford Township Police Department and John and Jack Doe, its unnamed officers, submitted a motion to dismiss. In February 2011, Dr. Ansari also moved to dismiss Plaintiff's complaint.

## III. DISCUSSION

### A. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to

---

[2] In response to Defendants' motions, Plaintiff submitted several letters stating additional facts. Through those submissions -- and Defendants' own briefs -- it appears that Plaintiff was detained and escorted by Medford Township police officers to Lourdes Medical Center, on the recommendation of an outreach screening specialist. There, Plaintiff was evaluated by Dr. Ansari and involuntarily committed for thirteen days. For reasons explained *infra*, those facts should be articulated in the complaint and not presented for the first time in opposition to motions to dismiss.

Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the nonmoving party. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a [claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'" (citation omitted)). Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis. First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the [claimant] has a 'plausible claim for relief.'" Id. at 211

4

(quoting Iqbal, 129 S. Ct. at 1950); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)). The movant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

**B. Failure to State a Claim**

Defendants contend, *inter alia*, that Plaintiff's complaint lacks sufficient facts to satisfy the federal pleading standard and therefore should be dismissed for failure to state a claim for which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In response to Defendants' motions, Plaintiff asserts more facts to bolster his claims.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State . . . subjects, or causes to be
> subjected, any citizen of the United States or
> other person within the jurisdiction thereof
> to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and
> laws, shall be liable to the party injured in

5

>     an action at law, suit in equity, or other
>     proper proceeding for redress . . . .

To state a claim under Section 1983, a plaintiff must show that: (1) the conduct challenged was committed by a person acting under color of state law; and (2) that the conduct deprived him of his rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005).  Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

### 1. Medford Township Police Department

Plaintiff names as a defendant the Medford Township Police Department.  Generally, a police department does not constitute a "person" under Section 1983 jurisprudence and therefore is not subject to suit and liability pursuant to that statute.  Harper v. Franklin & Marshall College, 2011 U.S. Dist. LEXIS 34298, at **11-12 (E.D. Pa. Mar. 30, 2011); Jones v. Vineland Police Dep't, 2011 U.S. Dist. LEXIS 19671, at *9 (D.N.J. Feb. 28, 2011).  Therefore, the claim against the Medford Township Police Department must be dismissed.

Alternatively, were this Court to construe Plaintiff's claim against the municipality, the claim would still fail.  A municipality cannot be held liable under Section 1983 for the

actions of its agents or employees under a theory of *respondeat superior*. Groman v. City of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995). Rather, "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978)). Plaintiff points to no such policy or custom, and states no facts to suggest as much.

Therefore, the Medford Township Police Department's motion to dismiss is granted. Plaintiff's claims against the Police Department are dismissed.[3]

### 2. John and Jack Doe, unnamed officers of the Medford Township Police Department

In his complaint, Plaintiff suggests that John and Jack Doe, the two unnamed police officers who detained him at and escorted him from his home, deprived him of his due process rights by taking him into custody and threatening to harm him. Apart from those generalized, bald assertions, Plaintiff provides no other

---

[3] The Court will grant Plaintiff leave to amend his complaint, *infra*. However, Plaintiff cannot reassert a Section 1983 claim against the Medford Township Police Department because, for the reasons stated above, such a claim would be futile.

facts in his complaint.

Plaintiff does not proffer facts that amply illustrate his entitlement to relief. That the police officers merely carried weapons does not give rise to a cause of action under Section 1983. To the extent Plaintiff alleges that the officers threatened to injure or harm him, that averment cannot describe a violation of constitutional rights without greater detail and context. For instance, Plaintiff alleges that the officers took him into custody. If the officers legally detained Plaintiff, it is doubtful that they violated his constitutional rights by merely warning him of their ability to use force. Whether this course of action or some more nefarious threat occurred is unclear on the face of Plaintiff's pleadings.

Further, Plaintiff's complaint does not make apparent the unlawfulness of Plaintiff's detainment or incarceration. According to the motion to dismiss filed by the Medford Township Police Department and the unnamed officers, Plaintiff was detained pursuant to N.J.S.A. § 30:4-27.6(b),[4] which permits law

---

[4] N.J.S.A. § 30:4-27.6 reads, in relevant part:

> A State or local law enforcement officer shall take custody of a person and take the person immediately and directly to a screening service if:
>
> . . . .
>
> b. A mental health screener has certified on a form prescribed by the division that based

enforcement officials to take a person into custody for purposes of a mental health screening.  In whatever way the officers' actions in this case either impermissibly deviated from New Jersey law or otherwise infringed upon Plaintiff's constitutional rights is uncertain.  Accordingly, Plaintiff's claims against John and Jack Doe, the unnamed police officers, must be dismissed.

The Court notes that Plaintiff states additional facts pertaining to the officers, and their interaction with him at his home, in his submissions in response to Defendants' motions to dismiss.  Those additional facts may help Plaintiff, a *pro se* litigant, to satisfy the federal pleading standard, but they must be presented in an amended complaint.  Generally, briefs cannot serve to amend a complaint or introduce new pleadings.  See Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation and internal quotation marks omitted)).

Therefore, for the aforementioned reasons, the motion to dismiss filed on behalf of the unnamed police officers is

---

> on a screening outreach visit the person is in need of involuntary commitment to treatment and has requested the person be taken to the screening service for a complete assessment[.]

N.J.S.A. § 30:4-27.6(b).

granted.  Plaintiff's claims against John and Jack Doe are dismissed.

### 3. Safeer Ansari, M.D.

In his complaint, Plaintiff does not set forth any facts to illustrate Dr. Ansari's alleged transgressions.  Besides naming Ansari, the complaint is barren of any reference to him.  For that reason alone, Plaintiff's claims against Ansari must be dismissed.

Plaintiff's only explicit averments against Dr. Ansari are presented in Plaintiff's submissions in opposition to Defendants' motions.  As explained earlier, opposition briefs are improper vehicles through which to amend a complaint or introduce new pleadings.  See Commw. of Pa. ex rel. Zimmerman, 836 F.2d at 181.  Accordingly, the facts in Plaintiff's briefs cannot save his complaint against Defendants' motions to dismiss.  Even accepting Plaintiff's additional factual assertions, it is unclear whether they sufficiently state a cause of action.  For instance, Plaintiff does not clearly articulate how or why Ansari's actions are unconstitutional, and what, if any, process he had denied Plaintiff prior to or during his involuntary commitment at Lourdes Medical Center.

Plaintiff has failed to allege with requisite specificity the facts required to support his claim against Ansari.  Without more, there is nothing in the complaint to support a showing that

Ansari abridged his due process rights.

Therefore, Dr. Ansari's motion to dismiss is granted. Plaintiff's claims against Ansari are dismissed.[5]

### C.   Leave to Amend

A plaintiff is generally afforded leave to amend his or her civil rights complaint when it is dismissed for failure to state a claim, unless any amendment would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

With this principle in mind, Plaintiff shall be granted leave to amend his complaint so that he may attempt to articulate his claims in a manner that satisfies the federal pleading standard.  Unless otherwise noted, the Court does not find at this time that inequity or futility should preclude leave to amend.

Therefore, Plaintiff shall have thirty (30) days from the date of this Opinion to amend his complaint.  However, if Plaintiff fails to satisfy the federal pleading standard, then Defendants again may move for dismissal.

### IV. CONCLUSION

---

[5] Dr. Ansari states that he is not an employee of Lourdes Medical Center and thus was incorrectly served by Plaintiff. Because Plaintiff's cause of action against Ansari will be dismissed for failure to state a claim, the Court need not address the issue of improper service of process.  However, if Plaintiff amends his complaint to include Ansari, Plaintiff should take care to properly serve him.

For the foregoing reasons, the motion to dismiss filed by the Medford Township Police Department and John and Jack Doe, unnamed police officers, is granted.  Further, Dr. Ansari's motion to dismiss also is granted.  Plaintiff's claims shall be dismissed.  Plaintiff, however, is granted thirty (30) days from the date of this Opinion to amend his complaint, if he so chooses, in accordance with this Opinion.  An Order consistent with this Opinion shall be entered.


Dated: July 21, 2011                /s/ NOEL L. HILLMAN
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.